United States District Court
Southern District of Texas
**ENTERED**
December 01, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| JOSE GUERRERO, JR., § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § § § | **Civil Action No. 1:20-cv-002** <br> (Criminal Action No. 1:08-cr-907-3) |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

The Court is in receipt of Jose Guerrero Jr.'s ("Petitioner's") "Application for Writ of Habeas Corpus and Request for Remedy Attacking the Sentence Under 28 U.S.C. Section 2255" (hereinafter, Guerrero's "Motion" or "§ 2255 Motion"). Dkt. No. 1. The Government has filed a "Response to the Court's Order to Show Cause and the United States' Motion to Dismiss Guerrero's 28 U.S.C. § 2255 Motion" (hereinafter, Respondent's "Response"), which asks the Court to dismiss Guerrero's Motion as untimely. Dkt. No. 11. For the reasons provided below, it is recommended that the Court: (1) **DENY** the request for relief contained in Guerrero's § 2255 Motion; (2) **GRANT** the request for relief contained in Respondent's Response, and **DISMISS** Guerrero's § 2255 Motion as untimely; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction over Guerrero's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Background and Procedural History

On October 28, 2008, Guerrero pleaded guilty to conspiracy to possess with intent to distribute a quantity exceeding 1,000 kilograms of marihuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  *United States of America v. Jose Guerrero, Jr.,* No. 1:08-cr-00907-003, Dkt. No. 128 at 1.[1]  On July 29, 2009, United States District Court Judge Hilda Tagle found Guerrero to be a career offender and sentenced him to 175 months of imprisonment followed by a five-year term of supervised release.  CR Dkt. Nos. 124, 125, 129; CR Dkt. Minute Entry Dated July 29, 2009.  Judgment was entered on August 26, 2009.  CR Dkt. No. 128.  Guerrero did not appeal.  Dkt. No. 11 at 1-2.

On March 13, 2017, Guerrero filed a Motion to Appoint Counsel requesting court-appointed counsel to review his case in light of *United States v. Hinkle* and possible § 2255 relief.  CR Dkt. No. 145; 832 F.3d 569 (5th Cir. 2016).  On April 28, 2017, Guerrero was appointed counsel to review his *Hinkle* claim.  CR Dkt. Nos. 148.  Guerrero, through counsel, filed his "First Amended Application for Writ of Habeas Corpus and Request for Remedy Attacking the Sentence Under 28 U.S.C. Section 2255" ("First Amended Application") on December 19, 2019.  CR Dkt. No. 173.  On January 8, 2020, Guerrero filed his § 2255 Motion.[2]  Dkt. No. 1.  On May 7, 2020, United States District Court Judge Rolando Olvera dismissed Guerrero's claims for failure to serve the Respondent; on May 11, 2020, the Court ordered the Clerk of Court to reopen this case.  Dkt. Nos. 2, 4.

---

[1] Hereinafter, Guerrero's criminal case docket entries will be referred to only by "CR Dkt." and their respective entry number/date.
[2] On this date, Guerrero refiled his previously-filed First Amended Application with a new heading. It is this filing – Guerrero's § 2255 Motion – that will be considered herein.

In his Motion, Guerrero concedes that neither *Mathis v. United States* nor *United States v. Hinkle* provide him with any avenue for habeas relief. 136 S. Ct. 2243 (2016); 832 F.3d 569; Dkt. No. 1 at 1-2. Instead, Guerrero argues that a new right was recognized in *United States v. Haymond* which prohibits "a judicial finding of enhancement of sentence." 139 S. Ct. 2369 (2019); Dkt. No. 1 at 2. He further argues that another newly-recognized right was announced in *Kisor v. Wilkie,* which establishes that "deference should not be given under the Sentencing Guidelines to 4B1.1." 139 S. Ct. 2400 (2019); Dkt. No. 1 at 3.

The Court ordered the Government to respond to Guerrero's Motion by August 3, 2020. Dkt. No. 7. The Government failed to comply; the Court ordered the Government to "file its Response or show cause for its failure to comply with the Court's Order" by August 21, 2020. Dkt. No. 9 (emphasis removed). On August 21, 2020, the Government filed its combined response to the Court's show cause order and motion to dismiss Guerrero's § 2255 Motion (the Government's "Motion to Dismiss"). Dkt. No. 11. The Court finds that good cause exists for the Government's earlier failure to comply; the Court now considers the arguments contained in its Motion to Dismiss. In its Motion to Dismiss, the Government argues that Guerrero's deadline to file a timely § 2255 motion expired on September 9, 2010. Dkt. No. 11 at 7-8. The Government further argues that neither *Mathis, Haymond,* nor *Wilkie* establish a new right applicable to Guerrero's case, and that he is not entitled to equitable tolling. Dkt. No. 11 at 8-13.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws

of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral attacks brought under this section are subject to a "1-year period of limitation" which runs from the latest of four dates. 28 U.S.C. § 2255(f). The four dates the limitations period can start are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

For the purposes of retroactivity under (f)(3), a "case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (internal quotations omitted). A new constitutional rule of criminal procedure applies retroactively only "if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or "if it requires the observance of those procedures that

… are implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 310-11 (internal quotations omitted).

Finally, equitable tolling is available to some petitioners who would otherwise be time-barred. A "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

### IV. Discussion

Guerrero's judgment of conviction was entered on August 26, 2009. CR Dkt. No. 128. Guerrero did not file a direct appeal. Dkt. No. 11 at 2. His judgment became final for the purposes of 28 U.S.C. § 2255(f)(1) on September 9, 2009, when the deadline for filing a notice of appeal passed without being exercised. Fed. R. App. Pro. 4(b)(1)(A)(i) (period set at 14 days); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) ("when a federal prisoner fails to file a notice of appeal from his conviction [] the conviction becomes final for purposes of § 2255 upon the expiration of the [] period for filing a direct appeal"). The one-year period to file a motion pursuant to § 2255(f)(1) ended on September 8, 2010. Guerrero filed his § 2255 Motion on January 8, 2020. Dkt. No. 1. Absent any tolling pursuant to § 2255(f)(2-4), his Motion is untimely by more than nine years.[3] 28 U.S.C. § 2255(f).

---

[3] The Court notes that Guerrero's initial Motion to Appoint Counsel was filed on March 13, 2017 and his "First Amended Application for Writ of Habeas Corpus" was filed on December 19, 2019. CR Dkt. Nos. 145, 173. The Court finds that those dates are also time-barred under the applicable limitations and do not disturb its analysis as stated in this section.

Guerrero claims entitlement to § 2255 relief pursuant to newly-recognized rights in *Haymond* and *Wilkie*. Dkt. No. 1 at 2. Guerrero maintains that his Motion is not time-barred because these rights were previously unavailable to him. Dkt. No. 1 at 2-3. That is, under § 2255(f)(3), Guerrero contends that his one-year limitations period did not expire until June 25, 2020, because the Supreme Court decided *Haymond* and *Wilkie* on June 26, 2019. 139 S. Ct. 2369; 139 S. Ct. 2400; Dkt. No. 1 at 2-3. However, these cases can only shift the start of the one-year period if the Supreme Court recognized a new right and made it retroactively applicable on collateral review. 28 U.S.C. § 2255(f)(3). Guerrero's reliance is misapplied; as discussed below, the Supreme Court did not recognize a new right in either case made retroactively applicable on collateral review. Guerrero's § 2255 Motion, then, is subject to dismissal as untimely.

### a. *United States v. Haymond*

In *Haymond*, the Supreme Court considered the constitutionality of 18 U.S.C. § 3583(k) under the Fifth and Sixth Amendments. 139 S. Ct. 2369. Upon a finding of a supervised release term violation, § 3583(k) required the district court to sentence Mr. Haymond to no less than five years and up to life imprisonment. *Id.* at 2373-75. This was a stark increase over the penalties authorized for both the supervised release term violation and the underlying conviction. *Id.* at 2373-75, 2378. § 3583(k) imposed this sentencing requirement based on factual findings made pursuant to a preponderance of the evidence standard by a judge, not a jury. *Id.* at 2374. The Supreme Court found such a shift "increased 'the legally prescribed range of allowable sentences' in violation of the Fifth and Sixth Amendments." *Id.* at 2378 (quoting *Alleyne v. United States*, 570 U.S. 99, 115 (2013)).

Petitioner's reliance on *Haymond* is misapplied. The application of a long-recognized right does not "break new ground" simply because it is applied in a new context. The Supreme Court cited its prior holdings in *Apprendi v. New Jersey* and *Alleyne v. United States* and found the statute in *Haymond* unconstitutional. *Haymond*, 139 S. Ct. at 2383 (2019) ("mirrors the unconstitutional sentencing enhancement in *Alleyne*") ("the *Alleyne* problem raised by its 5-year mandatory minimum term of imprisonment"); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013). There is, then, no newly-recognized right in *Haymond*.

Even assuming arguendo Guerrero can avail himself of a newly-recognized right in *Haymond*, it is not retroactively applicable on collateral review. The holding of *Haymond* fails to: 1) "place[] certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or 2) "require[] the observance of those procedures that … are implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 311. Therefore, any such right cannot apply retroactively under *Teague. Id.* In *Haymond*, the first exception to the general rule of non-retroactivity is not met, as the holding concerns "mandatory minimum [sentencing] triggered by judge-found facts." 139 S. Ct. at 3284. "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules" and are not "substantive," as required by this exception. *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004); *Whorton v. Bockting*, 549 U.S. 406, 407 (2007). As for the second exception, in *Haymond*, the Supreme Court "emphasized[ their] decision is limited to § 3583(k)—an unusual provision enacted little more than a decade ago;" the narrow holding, then, cannot be implicit in the concept of ordered liberty. 139 S. Ct. at 2383.

### b. *Kisor v. Wilkie*

Petitioner's reliance on *Wilkie* is even more strained. Guerrero claims that *Wilkie* recognizes a new right mandating "that deference should not be given under the Sentencing Guidelines to 4B1.1 upon which this enhancement relies." Dkt. No. 1 at 3. Guerrero misconstrues the Supreme Court's holding; critically, *Wilkie* does not establish or otherwise address any right regarding the application of the Sentencing Guidelines.

In *Wilkie*, the Supreme Court considered "whether [they] should overrule [their prior] decisions [on *Auer* deference], discarding the deference they give to agencies. [They] answer[ed] that question no." 139 S. Ct. at 2408. The Supreme Court only reinforced the previous law concerning the judicial review of agency interpretations of regulations. The holding in *Wilkie*, then, did not "[break] new ground or impose[] a new obligation on []the Federal Government." *Teague*, 489 U.S. at 301. Moreover, *Wilkie* does not involve any analysis concerning criminal law or the Sentencing Guidelines. Because *Wilkie* creates no newly-recognized right, let alone one that Guerrero could use to avail himself, § 2255(f)(3) does not apply; his § 2255 Motion is untimely and is subject to dismissal.

### V. Certificate of Appealability

A certificate of appealability shall not issue unless the movant/petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said

another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Guerrero has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find it debatable the court was correct in its procedural ruling.

## VI.  Recommendation

It is recommended that the Court: (1) **DENY** the request for relief contained in Guerrero's § 2255 Motion; (2) **GRANT** the request for relief contained in Respondent's Response, and **DISMISS** Guerrero's § 2255 Motion as untimely; (3) **DIRECT** the Clerk of Court to **CLOSE** this case; and (4) **DECLINE** to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

SIGNED on this **1st** day of **December**, **2020**, in Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge