**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSE GUERRERO, JR., Movant, | § § § | |
| v. | § § | Civil Action No. 1:20-cv-00002 |
| UNITED STATES OF AMERICA, Respondent. | § § § § | |



## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Jose Guerrero, Jr.'s ("Movant"), "Application for Writ of Habeas Corpus and Request for Remedy Attacking the Sentence under 28 U.S.C. § 2255" ("Motion") (Dkt. No. 1),[1] "The United States' Response to the Court's Order to Show Cause and the United States' Motion to Dismiss Guerrero's 28 U.S.C. § 2255 Motion" ("Response") (Dkt. No. 11),[2] the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 12), and Movant's "Jose Guerrero [sic] Objections to Magistrate Report & Recommendation" (Dkt. No. 13).

The R&R recommends (1) denying Movant's Motion (Dkt. No. 1) as untimely, (2) directing the District Court Clerk to close the case, and (3) declining to issue a certificate of appealability. Dkt. No. 12. Movant filed three objections to the R&R. Dkt. No. 13. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

## I.   FACTUAL BACKGROUND

Movant pleaded guilty October 28, 2008 to conspiracy to possess with intent to distribute a quantity exceeding 1,000 kilograms of marijuana. *See* Dkt. No. 12. At sentencing, the district court judge found Movant to be a "career offender" and sentenced him to 175 months confinement followed by five years of supervised release. *Id.* Movant's judgment became final September 9, 2009. *See* Dkt. No. 12. Movant filed his 28 U.S.C. § 2255 ("§ 2255") Motion January 8, 2020,

---

[1] Although styled as an application for writ of habeas corpus, Movant's filing is a motion to correct the sentence under 28 U.S.C. § 2255.

[2] Respondent failed to file a timely response to Movant's Motion, and the Magistrate Judge ordered Respondent to show cause for its failure. *See* Dkt. No. 9. In its Response (Dkt. No. 11), Respondent explains the appellate division, which responds to 28. U.S.C. § 2255 motions, did not receive hard-copy or electronic notice of Movant's Motion. In the R&R, the Magistrate Judge found this explanation qualified as good cause. *See* Dkt. No. 12.

alleging a newly recognized right by the Supreme Court precluded the sentence enhancement triggered by the district court judge's finding of "career offender."

## II. DISCUSSION

Movant argues his sentence is subject to collateral review and correction based on a new rule announced in *Haymond v. United States*, 139 S. Ct. 2369 (2019). *See* Dkt. No. 1. Movant alleges the one-year limitation period applicable to § 2255 motions started "the date on which the right asserted was initially recognized by the Supreme Court, [provided] that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see* Dkt. No. 1. Movant argues his Motion is timely under § 2255(f)(3) because it was filed less than one year after *Haymond* was decided June 26, 2019. *See* Dkt. No. 1.

"[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague v. Lane*, 489 U.S. 288 (1989) (citations omitted). A new rule of constitutional criminal procedure applies retroactively only if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Id.* at 307 (citations omitted).

Upon conducting a de novo review of the R&R and Movant's objections, this Court finds *Haymond* did not announce a new rule or recognize a new right. Movant alleges the new rule in *Haymond* is that "juries in our constitutional order exercise supervisory authority over the judicial function by limiting the judge's power to punish." *Haymond* at 2376; *see also* Dkt. No. 13. Far from new, this rule was traced back to the eighteenth century by the *Haymond* Court and served as the basis for the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013).[3] Outside the context of a newly recognized right, § 2255(f)(3) does not apply. This Court finds the applicable limitation period is in § 2255(f)(1).[4] The one-year limitation period started September 9, 2009, when Movant's judgment became final, and ended September 9, 2010. Movant did not file his Motion until January 8, 2020, so it is untimely.

This Court declines to issue a certificate of appealability because Movant failed to make a substantial showing of the denial of a constitutional right. Applying the legal standard for issuance

---

[3] Because *Haymond* did not announce a new rule or recognize a new right, this Court need not conduct a retroactivity analysis.

[4] "The [one-year] limitation period shall run from . . . the date on which the judgment of conviction becomes final." § 2255(f)(1).

of a certificate, this Court finds no reasonable jurist could debate Movant's Motion "should have been resolved in a different manner . . . ." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. CONCLUSION

For the reasons above, the R&R is **ADOPTED**. Movant's objections (Dkt. No. 13) are **OVERRULED**. Movant's Motion (Dkt. No. 1) is **DENIED**. The Court declines to issue a certificate of appealability. The District Court Clerk is **ORDERED** to close the case.

Signed on this 13th day of January, 2021.

Rolando Olvera
United States District Judge